IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD COON, | )<br>)<br>) |
| Petitioner | )<br>) Case No. 1:19-cv-00082<br>) |
| vs. | )<br>) RICHARD A. LANZILLO |
| ERIE COUNTY CRIMINAL<br>DIVISION, ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA<br>DISTRICT ATTORNEY OF<br>ERIE COUNTY, SUPERINTENDENT<br>OF SCI-ALBION | )<br>) UNITED STATES MAGISTRATE JUDGE<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER ON PETITION FOR WRIT<br>) HABEAS CORPUS (ECF No. 3) |
| Respondents | ) |

MEMORANDUM OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed by Edward Coon pursuant to 28 U.S.C. § 2254. ECF No. 3. Petitioner is incarcerated at the State Correctional Institution at Albion, serving a sentence imposed in April 2014 by the Court of Common Pleas of Erie County, Pennsylvania. In his petition, Petitioner seeks reinstatement of his direct appeal rights on the principal basis that his trial counsel was ineffective for failing to file a direct appeal. Respondents argue that the petition is barred by the applicable statute of limitations. ECF No. 11. For the reasons that follow, the petition will be dismissed as untimely.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

I.   Background

A review of the record and the criminal docket sheet for Petitioner's underlying conviction in *Commonwealth v. Coon*, No. CP-25-CR-0002101-2012 (Erie Cnty. Com. Pl.),[2] reveals the following relevant facts.

On February 11, 2014, following a jury trial, Petitioner was convicted on three counts of violation of the Pennsylvania Controlled Substances, Drugs, Device, and Cosmetic Act.[3] On April 2, 2014, Petitioner was sentenced to 84-168 months' imprisonment on one count and 6-12 month's imprisonment on one count. No post-sentence motions were filed. No direct appeal was taken from the judgment of sentence.

On March 13, 2018, Petitioner filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. Petitioner enumerated several claims in the PCRA petition, but ineffective assistance of counsel for failure to file a direct appeal was not one of them. The trial court appointed counsel for Petitioner on March 28, 2018. On July 31, 2018, appointed counsel filed a no-merit letter with the court, explaining that the PCRA petition was untimely under 42 Pa.C.S.A. § 9545. On September 26, 2018, the court dismissed the PCRA petition as untimely. Petitioner filed multiple additional petitions and appeals seeking to have his direct appeal rights reinstated. None were successful.

Petitioner filed the instant petition for a writ of habeas corpus on March 20, 2019.

II.   Analysis

Respondents argue that the instant petition for writ of habeas corpus is untimely and should be dismissed. ECF No. 11 at 2-3.

---

[2] The criminal docket is available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0002101-2012&dnh=N2KX1sfMyBJgGmzofvSbVA%3d%3d (last visited August 17, 2020).

[3] 35 P.S. §§ 780-113(a)(16), (a)(30), (a)(32).

2

A.  AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 U.S. Dist. LEXIS 192046, *17 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-

conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id*. at *17-18. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id*. at *18.

  B.  Ineffective assistance of trial counsel claim

    1.  Trigger Date Calculation

Petitioner ostensibly asserts three grounds for relief in his petition, none of which are technically set forth as such because Petitioner did not complete the section of the standard form wherein the grounds should be stated. Nonetheless, it is clear that the whole of the petition stems from his trial counsel's alleged ineffectiveness in failing to file a direct appeal from Petitioner's April 2, 2014, judgment of sentence. This claim does not implicate newly enunciated constitutional rights or facts that were discovered later. Furthermore, there were no state-created impediments that prevented Petitioner from raising this claim sooner. Consequently, the "trigger date" for his claim is the date on which Petitioner's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Because Petitioner did not file post-sentence motions, his judgment of sentence became final on May 2, 2014, at the expiration of the time for seeking direct review of the judgment of sentence. Pa. R. Crim. P. 720(A)(3). The one-year limitations period for filing a habeas corpus petition began to run on that date. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner had to file any federal habeas petition by May 2, 2015. Because the instant habeas petition was filed on March 20, 2019, nearly four years after the one-year limitations period had expired, his petition is statutorily time-barred. Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

### 2. Statutory Tolling

Petitioner is not entitled to any statutory tolling, because he did not file any timely applications for post-conviction or collateral relief.

### 3. Equitable Tolling

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled, thereby rendering the petition timely filed. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). To receive the benefit of equitable tolling, however, a petitioner must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 560 U.S. at 649.

The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence," not maximum diligence. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the petitioner's circumstances. *Id.* at 800 (citations omitted). A petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

5

Petitioner has failed to show that he pursued his rights diligently. In seeking to explain why his petition was late, Petitioner states that he was serving a sentence in a state prison in Detroit, Michigan, and that he returned to Pennsylvania in February of 2018 to serve the judgment of sentence imposed in the Court of Common Pleas of Erie County. However, he offers no specificity as to any alleged lack of access to courts in the relevant time period and fails to expound on any steps he took to diligently pursue his federal claims. Thus, the Court cannot find diligence on Petitioner's part in pursing his rights.

Further, Petitioner has neither alleged nor established that extraordinary circumstances prevented him from filing. Therefore, equitable tolling cannot excuse the untimeliness of his petition and allow this Court to consider the merits of these two claims.

Finally, the Court notes that even if the one-year statute of limitations ran from the unspecified date in February 2018 when Plaintiff returned to Pennsylvania, it would have expired in February 2019, and this petition would still be time-barred.

III.    Conclusion

For the foregoing reasons, the instant petition is dismissed because it is time-barred. Petitioner did not file the § 2254 petition within the one-year AEDPA statute of limitations and no tolling or other exception applies to his petition. The petition will be dismissed, with prejudice.

IV.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that

"[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim should be dismissed because it is time-barred, lacks merit, or is procedurally defaulted. Accordingly, the Court will not issue a certificate of appealability.

An appropriate Order follows.

ORDER

AND NOW, this 19th day of August, 2020, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Edward Coon's petition for a writ of habeas corpus is DENIED with prejudice and a certificate of appealability is DENIED. The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO
United States Magistrate Judge